# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN LOPEZ-SALINAS, | CV F   05-00306 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| R.D. ANDREWS, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary at Taft Correctional Institution, California, pursuant to a judgment of the United States District Court for the Central District of California entered on June 17, 2002, following his conviction of conspiracy to possess with intent to distribute methamphetamine. Petitioner was sentenced to a term of 120 months in federal prison.

Petitioner does not indicate whether he appealed his conviction.

On March 3, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner alleges the following grounds for relief: 1) "Bureau of Prisons Treatment of Illegal Aliens the [sic] Disparate Treatment Given by the Federal Bureau of Prisons to Sentence

---

[1] This information was derived from the petition for writ of habeas corpus.

1

Aliens with a Deportation Detainers [sic];[2] 2) Ineffective Assistance of Counsel; and 3) The District Court Violated Petitioner's Rights Imposing Sentence of an Excessive of [sic] Time."

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

On the form petition, Petitioner does not indicate whether he has filed a § 2255 motion indicating that it not applicable. (Petition, at 6.)

In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to

---

[2] Petitioner argues that because of the BOP's disparate treatment he is entitled to a downward departure on his sentence.

1 vacate or set aside pursuant to 28 U.S.C. § 2255.[3]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 19, 2005**              /s/ Sandra M. Snyder
icido3                    UNITED STATES MAGISTRATE JUDGE

---

[3] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.